# In the United States District Court
## for the District of Utah, Central Division

| | |
|---|---|
| **AUDREY DAVIS,** | |
| Claimant, | **MEMORANDUM DECISION** |
| | **AND** |
| **v.** | **ORDER** |
| **JO ANNE BARNHART,** | **Case No. 2:04 CV 633 JTG** |
| Defendant. | |

This matter is before the Court for the second time.  In the initial case, claimant filed a Motion to Reverse the decision of the ALJ of the Social Security Administration, or in the alternative to Remand.  After full consideration, this Court granted the claimant's Motion to Remand based on the ALJ's failure to follow the proper procedure and analysis for determining claimant's degree of mental impairment.  This Court directed that the ALJ conduct an evidentiary hearing and reconsider whether claimant was disabled under step three of the sequential process. As the prevailing party in the initial proceeding, claimant now petitions this Court for EAJA attorney's fees.  After full review of the entire record, the Court finds that oral argument would not materially assist in determination of the issue.

After due consideration, the Court grants claimant's petition for EAJA attorney's

1

fees because the government (the Commissioner) was not substantially justified in its negative evaluation of Davis' mental impairments without following mandated procedures and making the necessary findings.

PROCEDURAL HISTORY

On March 2, 2001, claimant (Davis) filed a claim for Supplemental Security Income (SSI) and Disability Benefits (DBI) alleging that severe mental impairments prevented her from working.   The claim was denied on March 25, 2002.  Pursuant to this denial, Davis requested a hearing before an ALJ to present her claims.  A hearing was held and the ALJ submitted a written decision denying her claims on August 6, 2003.  The Social Security Appeals Council denied Davis's request to review the decision.  Davis then filed suit with this Court pursuant to 42 U.S.C. § § 405(g) and 1383(c)(3) (2005).

This Court granted Davis's Motion to Remand because the ALJ had not made specific findings as to the degree of limitation in each of the functional areas described in C.F.R. § 416.920(c) (the "B" factors) as required under the statute and Tenth Circuit case law.  See 20 C.F.R. § 416.920a(c)(2005).  In Cruse v. United States Department of Health & Human Services, 49 F.3d 614, 617 (10th Cir.1995), the Tenth Circuit states:  "[w]hen there is evidence of a mental impairment that allegedly prevents a claimant from working, the Secretary must follow the procedure for evaluating mental impairments set forth in 20 § 404.1520a" and "then evaluate the degree of functional loss resulting from the impairment, using the "Part B" criteria."

2

Based upon the foregoing, this Court determined that:

> the ALJ erred in not making the required specific findings in the body of his opinion as to the degree of limitation in each of the "B" factor areas as required under Tenth Circuit case law.  This is essential in order for this court to review the record accurately and insure the specific rules of law are followed by the ALJ in weighing the evidence.

Davis v. Barnhart, No. 2:04cv633, slip op. at 9-10 (D.Utah Jul. 20, 2004).  This Court ordered the remand so that "the ALJ may make findings in accordance with this Memorandum Decision and Order, and render a decision as to the ultimate determination whether or not claimant is disabled and entitled to benefits."  Id. at 12.

On September 7th, 2005, Davis filed a petition and accompanying Memorandum for $4,609.02 in attorney's fees under the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412(d) (2006).  Davis alleges that she is entitled to attorney's fees because she is the prevailing party, and, that the position of the United States was not substantially justified.  The Commissioner has responded, arguing that attorney's fees should not be awarded because the United States was substantially justified in denying Davis's claims, relying on Dr. Atkins' opinion which allegedly amounted to an "implicit" finding regarding the "B" factors.

## ANALYSIS

1.   *When attorney's fees are awardable under the EAJA.*

Under the EAJA, "costs ... may be awarded to the prevailing party in any civil

3

action brought by or against the United States."  28 U.S.C. § 2412(a) (2005).   "A court shall award to a prevailing party other than the United States fees and other expenses . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust"  28 U.S.C. § 2412(d)(1)(A) (2006).  The U.S. Supreme Court has defined "substantially justified" to mean "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person . . . [But] [t]o be substantially justified means, of course, more than merely undeserving of sanctions for frivolousness."  Id. (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988) (citation omitted)).

   In the case at bar, the parties do not dispute that plaintiff is the "prevailing party" for purposes of the EAJA, nor do the parties argue that any "special circumstances" would make an award unjust.  The parties only disagree on the issue of whether the Commissioner's position was "substantially justified."

2. *Meaning of "substantially justified" under the case law.*

   "Under the EAJA, the government bears the burden of showing that its position was substantially justified.  To do so, the government must prove that its case had a reasonable basis in law and in fact."  Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir.1988) (citation omitted).  "[A] position can be justified even though it is not correct, and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct[.]"  Id. (citing Pierce

4

v. Underwood, 108 S.Ct.at 2550) (quotations and alterations omitted).   To illustrate substantial

justification, the government must show:

> (1) that there is a reasonable basis for the facts alleged;
> (2) that there exists a reasonable basis in law for the theory it propounds; and
> (3) that the facts will reasonably support the legal theory advanced.

Willoughby v. Chater, 930 F.Supp. 1466, 1468 (D.Utah 1996) (quoting Gatson v. Bowen, 854

F.2d 379, 380 (10th Cir.1988) (quotations and other citations omitted)).

Additionally, where the party requesting attorney's fees is the prevailing party as a

result of a remand, the "position" that must be substantially justified is the government's position

*on the issue that led to remand*, rather than the ultimate issue of disability.  See Jenkins v.

Chater, No. 95-5153, 1996 U.S. App. LEXIS 6085, at *5-6 (10th Cir. Apr. 1, 1996) (citing Flores

v. Shalala, 49 F.3d 562, 566, 572 (9th Cir. 1995) (in determining whether the Secretary was

substantially justified, the court should focus on government's position on issue that led to

remand rather than on ultimate issue of disability)). "The term 'position' includes the

government's position both in the underlying agency action and during any subsequent

litigation." Culler v. Massanari, 9Fed.Appx. 839, 841 (10th Cir.2001) (unpublished opinion)

(holding that attorney's fees were warranted where "the Commissioner failed to demonstrate a

reasonable basis in fact or law for the ALJ's failure to include plaintiff's mental and emotional

impairments in his questions to the VE.").

Thus, this Court must determine whether the Commissioner has met her burden of

5

demonstrating a reasonable basis in fact or law for the ALJ's failure to evaluate plaintiff's mental and emotional impairments under the "B" factors.[1]

3.      *Position of the Commissioner regarding the ALJ's Error.*

The Commissioner had two positions in the underlying action: 1) that there was substantial evidence to support the ALJ's determination that plaintiff was not disabled; and 2) that plaintiff's allegations of error are without merit.  On remand, we did not make any ultimate determination of whether Davis was disabled or not, therefore the Commissioner's first position need not be analyzed further.  With regards to the Commissioner's second position, the Commissioner argued that the ALJ "stated that Dr. Atkins's testimony was the basis for the findings.  That the ALJ summarized Dr. Atkins's testimony, rather than repeating it verbatim, is not an appropriate basis for remand."  Thus, the Commissioner's position on appeal was that the ALJ had adopted the findings of Dr. Atkins on the "B" factors and could rely on Dr. Atkins' opinion without having to analyze and discuss the factors himself in the body of his decision.  We disagreed with this position in our main opinion, determining that the ALJ did not discuss the "B" criteria in his opinion and did not make any specific findings or provide analysis in the decision regarding Davis's degree of limitation in the four categories.  Further, we pointed out

---

[1]This is an important distinction to be made in this case.  This court does not analyze whether the ALJ was substantially justified in denying Davis's claims.  That would present a very different analysis, given the abundant amount of evidence illustrating that denial may be appropriate.  Instead, this court will only analyze the issue we remanded for, namely, the ALJ's failure to appropriately discuss the "B" criteria.

that the case law and Social Security Code clearly mandate that "[t]he decision **must** include a specific finding as to the degree of limitation in each of the functional areas described in the ["B" criteria]." *See* 20 C.F.R. § 404.1520a(3) (emphasis added).

The Commissioner's underlying position is not substantially justified in light of the social security code's requirement that the ALJ make specific findings in his or her decision regarding those factors.  In defending the EAJA petition, the Commissioner's position is essentially the same, that "the ALJ made <u>implicit</u> findings as to the degree of Plaintiff's functional limitations at step three, and that the absence of an explicit statement of those findings was not an appropriate bases for remand."  Like the Commissioner's initial argument, this position is similarly unjustified.

This Court rules that there is no reasonable basis in law and fact for not applying the appropriate procedure under step three when a mental impairment has been alleged, as was the case here.  The ALJ did not include a specific finding regarding the "B" factors, and there is nothing in the code or case law to indicate that he was justified in ignoring this analysis. Therefore, this Court finds that the Commissioner is liable for attorney's fees under the EAJA.

Based upon the foregoing, it is hereby:

**ORDERED** that Claimant's Petition for EAJA attorney's fees is GRANTED.

DATED this <u>4th</u> day of <u>April</u>, 2006.

J. THOMAS GREENE
UNITED STATES DISTRICT JUDGE